CHRISTINE FINEGAN, as Administratrix, etc., of JOHN DINGWALL, Deceased, Respondent, *v.* H. C. & A. I. PIERCY CONTRACTING COMPANY and A. DEPINNA CO., INC., Appellants.

First Department, December 5, 1919.

**Motor vehicles — negligence — lease of motor truck with agreement that lessor will indemnify lessee against damages — when lessor not liable to third person for injuries received.**

Where a company engaged in the business of hiring automobile trucks agreed with its lessee that the employees on the trucks would be furnished by the lessor and should be under its control and that the relation

of master and servant should not exist between such employees and the lessee so that no claim for damages could be made against the lessee, and it was further provided that the lessor would indemnify the lessee for any legal liability arising through the acts of the chauffeurs furnished by the lessor, which also agreed to take out indemnity insurance for the benefit of the lessee, such agreement does not inure to the benefit of a person who was injured by a motor truck while engaged in delivering the goods of the lessee, the chauffeur being at the time subject to the directions and orders of the lessee.

Irrespective of the ultimate liability as between lessor and lessee the liability for the injury to the third person depends upon the question as to who had the direction and control of the chauffeur at the time of the accident and in whose business he was then engaged, and recourse to the contract can be had to determine these questions.

SMITH, J., dissented in part.

APPEAL by the defendants, H. C. & A. I. Piercy Contracting Company and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 3d day of March, 1919, upon the verdict of a jury for $1,000, and also from an order of said court entered in said clerk's office on the 18th day of March, 1919, denying defendants' motion for a new trial made upon the minutes.

*Ellis V. Levy* of counsel [*Levy & Levy,* attorneys], for the appellant Piercy Contracting Co.

*Murray G. Jenkins* of counsel [*William Dike Reed,* attorney], for the appellant A. DePinna Co., Inc.

*Sidney L. Teven,* for the respondent.

PAGE, J.:

The action was to recover damages for personal injuries resulting from the alleged negligence of the driver of an automobile truck. The truck in question was owned and the chauffeur was employed by the defendant H. C. & A. I. Piercy Contracting Company. The agreement whereby the motor truck was hired by the defendant A. DePinna Co., Inc., provided:

" *Second.*— The employees to be furnished, supplied and paid for by the party of the first part [H. C. & A. I. Piercy Contracting Company] as hereinafter set forth, shall be under

the control and orders of the party of the first part, it being understood and hereby intended to establish the fact, that said employees are working in the business of the party of the first part, and that the relation of master and servant shall not exist as between them and the party of the second part [A. DePinna Co., Inc.], to the end and in the event of accident or damages caused by the negligence of said employee or employees, no claim by reason thereof shall be made against the party of the second part."

The contract further specifically provided that in the event of legal liability attaching to the A. DePinna Co., Inc., through any act of the chauffeurs supplied by the H. C. & A. I. Piercy Contracting Company, the latter company should be held to indemnify the A. DePinna Co., Inc., for its said loss.

It was further agreed between the parties that indemnity insurance should be taken out by the H. C. & A. I. Piercy Contracting Company indemnifying the A. DePinna Co., Inc., against liability for damage or loss caused by the operation of these automobiles.

The chauffeurs were paid by the H. C. & A. I. Piercy Contracting Company.

They reported morning and night to the H. C. & A. I. Piercy Contracting Company's garage.

They received their orders from the H. C. & A. I. Piercy Contracting Company.

The right to hire them and discharge them was exclusively reserved to the H. C. & A. I. Piercy Contracting Company.

When the chauffeur arrived with the truck at the place of business of the A. DePinna Co., Inc., he was subject to the directions and orders of the A. DePinna Co., Inc., in making delivery of its goods. While in the course of making such a delivery the accident happened to the plaintiff's decedent. The sole question presented on this appeal is the liability of each defendant, each claiming that the other was the employer and, therefore, liable. The court held as a matter of law that they were both liable, and sent the case to the jury upon the questions of negligence, contributory negligence and damages.

In our opinion, the defendant the H. C. & A. I. Piercy Contracting Company could not be held liable for the injury.

Whatever may be the ultimate liability between the A. DePinna Co., Inc., and the Piercy Company as a result of the contract, that liability does not inure to the benefit of the injured party. The questions to be determined are, under whose direction and control was the chauffeur, and in whose business was he engaged at the time? Recourse to the contract can be had to determine this question. From that it appears that the A. DePinna Co., Inc., hired the truck and driver from the Piercy Company; that the A. DePinna Co., Inc., used the truck and chauffeur to make delivery of its goods, and gave directions as to how those deliveries were to be made. It was, therefore, liable for a negligent act of the chauffeur while engaged in its business and subject to its direction and control. The Piercy Company was not an independent contractor. It did not agree to deliver goods for the A. DePinna Co., Inc. It merely let to the A. DePinna Co., Inc., the truck and chauffeur with which the A. DePinna Co., Inc., could make its own deliveries. (*Howard* v. *Ludwig*, 171 N. Y. 507; *Hartell* v. *Simonson & Son Co.*, 218 id. 345; *DePerri* v. *Motor Haulage Co., Inc.*, 185 App. Div. 384.) Where the concurrent negligent acts of two persons contribute to the injury, they may be held jointly liable. In this case the injury was occasioned by the negligent act of one person, and the question is simply who was the superior who was bound to respond for that person's act. Clearly it was the A. DePinna Co., Inc.

The judgment against the defendant H. C. & A. I. Piercy Contracting Company is, therefore, reversed, with costs, and the complaint as to it dismissed, with costs. The judgment against the A. DePinna Co., Inc., is affirmed, with costs to the respondent.

CLARKE, P. J., DOWLING and MERRELL, JJ., concurred; SMITH, J., dissented as to the H. C. & A. I. Piercy Contracting Company.

Judgment against H. C. & A. I. Piercy Contracting Company reversed, with costs, and complaint dismissed, with costs. Judgment against the A. DePinna Co., Inc., affirmed, with costs.