ISAACS *v.* PRINCE & WILDS.

(Division B. Oct. 15, 1923.)

[97 South. 558. No. 23476.]

1. MASTER AND SERVANT. *Servant in general employment of one when performing work for another held servant of latter.*

   A servant in the general employment of one person who is temporarily in the employment of another to do the latter's work, and who is subject to the control and direction of the third person is the servant of such third person, though he may be paid by the general employer, and in such case the person whose work the servant is doing and who has the right at the time to control the servant is alone responsible for the negligence of the servant, unless the facts make both the original employer and the third person joint tort-feasors.

2. MASTER AND SERVANT. *Owner of motor truck hired by day with driver to work for another not liable for negligence of driver.*

   To make the owner of an automobile liable for injuries inflicted

by a chauffeur operating the automobile, the servant must be engaged in and about his master's business at the time of the injury, and where a motor truck was hired by the day, together with a driver, the driver being paid by the owner, but working for and subject to the direction of another, the owner is not liable for the negligence of the driver.

APPEAL from circuit court of Warren county.

HON. E. L. BRIEN, Judge.

Suit by Mrs. Isabelle Isaacs against Prince & Wilds. From a judgment for defendant, plaintiff appeals. Affirmed.

*Hirsh, Dent* and *Landau,* for appellant.

In presenting this case we shall discuss only two propositions: (a) The court below erred in excluding the plaintiff's evidence and peremptorily instructing the jury to find for the defendant. (b) The court erred in not sustaining plaintiff's motion for a new trial.

NO CONFLICT OF EVIDENCE. There is no conflict of evidence in this case. No evidence was offered for the defendant. On the evidence of plaintiff the court held that the defendant was not liable for the damage to plaintiff's automobile, and therefore gave the defendant the affirmative charge to the jury to find for the defendant.

The evidence disclosed that the defendant owned and operated the motor truck which struck and practically demolished the plaintiff's automobile. The defendant had procured license for the truck and paid the driver his wages for running the truck in the livery business in the city of Vicksburg. The truck and its driver were doing livery business for the Cumberland Telephone Company at the time of the collision and damage to plaintiff's automobile. The defendant was being paid ten dollars per day by the telephone company for the use of the truck and the driver. The court below took the position that defendant, Prince & Wilds, was not liable to plaintiff for damage done by the collision of its truck with plain-

tiff's automobile, and this, too, notwithstanding the fact that the truck was being run in open and flagrant violation of the law of the state and the city of Vicksburg.

DRIVER OR OWNER OF MOTOR VEHICLE IS LIABLE FOR DAMAGES PRODUCED BY FAILURE TO OBSERVE THE STATUTE WITH REFERENCE TO DRIVING ON STREET OR HIGHWAY. See *Flynt* v. *Fondren*, 122 Miss. 249, construing sections 5775, 5781, and 5785, Hemingway's Code (Laws of 1916, chapter 116).

We submit, that under such facts, the defendant, Prince & Wilds, was liable for the damage negligently done in the operation of the truck. *Standard Oil Company* v. *Anderson*, 212 U. S. —; *Little* v. *Hacket*, 116 U. S. 371.

WHERE THE OWNER OF A TEAM OR AUTOMOBILE HIRES IT TO ANOTHER PERSON AND FURNISHES A DRIVER, THE OWNER AND NOT THE HIRER IS LIABLE FOR DAMAGES CAUSED BY THE NEGLIGENCE OR MISCONDUCT OF THE DRIVER. 20 Am. and Eng. Enc. Law (2nd Ed.), 178; *Huff* v. *Ford*, 30 Am. Rep. 645; *Joslin* v. *Ice Co.*, 45 Am. Rep. 54; *Stewart* v. *California Improvement Company*, 52 L. R. A. 205; *Deiscall* v. *Towell*, 181 Mass. 416, 63 N. E. 922; *Frekker* v. *Nicholson*, 13 L. R. A. (N. S.) 1122, and note.

Under the law liability in this case was established against the defendant, and the learned circuit judge in the court below erred in directing a verdict for the defendant. We do not believe this court will hold that a truck confessedly owned and licensed to do a livery business on the streets and public highways in charge of a chauffeur employed and paid by it, which negligently and in open violation of law, ran into and destroyed an automobile, which was being properly and carefully operated, is not liable.

*Brunini & Hirsh*, for appellee.

The sole question for consideration in this case is simply this: "Was appellee responsible for the damage done to the car of appellant?"

The lower court excluded the plaintiff's testimony at its conclusion and directed a verdict for the defendant upon the sole ground that appellant failed to show any liability whatever on the part of appellee for the damage done.

The truck was delivered over by Prince & Wilds, appellee, to the telephone company. The latter had exclusive control both of the truck and the driver. It simply paid at the end of the week, ten dollars per day for the use of the truck and the only connection that Prince & Wilds had with the driver was to pay him, out of the ten dollars, so much per day for driving the truck. The truck was not even returned by the telephone company at the end of the day to Prince & Wilds, but it was kept during the whole time in the possession of the telephone company. Prince & Wilds did not even know the use that was being made of the truck by the telephone company.

Furthermore, they didn't even know anything about the competency of young Richey to drive the truck. "It may be stated as a general rule in the law of automobile operation, that, conceding the negligence of the operator of an automobile, the owner thereof when not riding in the car is not liable for injuries arising from such negligence, merely because he is the owner of the vehicle." Huddy on Automobiles (6th Ed.), page 789.

The authorities are uniform in holding that the owner of the vehicle is not responsible for the acts of the driver for the reason that the hirer is the master. In some cases the facts presented make it exceedingly difficult to determine whether the owner or the hirer is the master at the time of the accident. It would be well to review some of the decisions of the courts covering this narrow and particular point in order to get a comprehensive conception of what in one instance will make the owner the master and in another instance the hirer the master. *Carr* v. *Burke,* 169 N. Y. S. 981 (App. Div., April 12, 1918); *McNamara* v. *Leipzig,* 180 App. Div. 515, 167 N.

Y. Supp. 981; *Diamond* v. *Steinberg Truck Company,* 149 N. Y. Supp. 1000; *Spellacy* v. *Haggerty Motor Trucking Company,* 182 N. Y. Supp. 355; *Baum* v. *Link,* 180 N. Y. Supp. 468; *Braxton* v. *Mendelson,* 179 N. Y. Supp. 845; *Grastataro* v. *Brodie,* 179 N. Y. Supp. 324; *Finegan* v. *H. C. & A. I. Piercy Contracting Co.,* 178 N. Y. Supp. 785; *Burns* v. *Southern Pac. Co., et al.,* 185 Pac. 875; *Burns* v. *Jackson,* 200 Pac. 80; *Stewart* v. *California Imp. Co.,* 131 Cal. 125, 63 Pac. 177, 724, 52 L. R. A. 205; *Billig* v. *Southern Pacific Co.,* 209 Pac. 241; *Burns* v. *Jackson,* 211 Pac. 821; *Coughlan* v. *Cambridge,* 166 Mass. 277, 44 N. E. 218; *Campbell* v. *New York, N. H. & H. R.,* 102 Atl. 597; *Greenberg & Bond Co.* v. *Yarbrough,* 106 S. E. (Ga.) 624; *Sargent Paint Co.* v. *Petrovitzky,* 124 N. E. 881; *Baker* v. *Magnolia Petroleum Co.,* 207 Pac. 789; *Hill* v. *Poindexter, et al.,* 188 S. W. 851; *Grothmann* v. *Hermann et al.,* 241 S. W. 461; *Puhlman et al.* v. *Excelsior Express and Standard Cab Company,* 103 Atl. 218; *Badertcher* v. *Independent Ice Co. et al.,* 184 Pac. 181; *Core et ux.* v. *Resha,* 204 S. W. (Tenn.) 1149; *Olson et ux.* v. *Clark et ux.,* 191 Pac. (Wash.) 810; *Ash* v. *Century Lumber Company,* 133 N. W. (Iowa) 888; *W. S. Quinby Co.* v. *Estey,* 108 N. E. (Mass.) 908; *Philadelphia & R. Coal & Iron Co.* v. *Barrie,* 179 Fed. 50; *"The Satilla,"* 235 Fed. 58; *The Louise Rugge,* 239 Fed. 458; *Central R. R. Co.* v. *De Busley,* 261 Fed. 561; *George A. Fuller Co.* v. *McCloskey,* 35 App. D. C. 595; *Standard Oil Company* v. *Anderson,* 212 U. S. 215.

The masters' responsibility cannot be extended beyond the limits of the master's work. If the servant is doing his own work or that of some other, the master is not answerable for his negligence in the performance of it.

It sometimes happens that one wishes a certain work to be done for his benefit, and neither has persons in his employ who can do it nor is willing to take such persons into his general service. He may then enter into an agreement with another. If that other furnishes him with men to do the work, and places them under his ex-

clusive control in the performance of it, those men become *pro haec vice* the servants of him to whom they are furnished. But, on the other hand, one may prefer to enter into an agreement with another than that other, for a consideration, shall himself perform the work through servants of his own selection, retaining the direction and control of them. In the first case, he to whom the workmen are furnished is responsible for their negligence in the conduct of the work, because the work is his work, and they are, for the time, his workmen. In the second case, he who agrees to furnish the completed work through servants over whom he retains control is responsible for their negligence in the conduct of it, because, though it is done for the ultimate benefit of the other, it is still, in its doing, his own work. To determine whether a given case falls within the one class or the other we must inquire 'whose is the work being performed' . . . a question which is usually answered by ascertaining who has the power to control and direct the servants in the performance of their work. Here we must carefully distinguish between anthoritative direction and control, and mere suggestion as to details or the necessary cooperation, where the work furnished is part of a larger undertaking.

These principles are sustained by the great weight of authority, to which some reference will now be made. *Quarman* v. *Burnett,* 6 Mees & W. 499; *Jones* v. *Liverpool,* L. R. 14 Q. B. Div. 890; *Little* v. *Hackett,* 116 U. S. 366, 29 L. Ed. 652, 6 Sup. Ct. Rep. 391. Though even in such cases, if the exclusive control over the driver be in the hirer, he may be responsible as master. *Jones* v. *Scullard* (1898), 2 Q. B. 565.

In many of the cases the power of the substitution or discharge, the payment of wages, and other circumstances bearing upon the relation are dwelt upon. They, however, are not the ultimate facts, but only those more or less useful in determining whose is the work and whose is the power of control.

Mr. Justice HUGHES in the case of *Fuller* v. *McCloskey,*
228 U. S. 194, re-affirms the doctrine of *Standard Oil Com-
pany* v. *Anderson,* 212 U. S. 215.

THE MISSISSIPPI CASES.  Our own court has had before
it this question and has laid down the rule in consonance
with those of the other courts.  In *Railroad Company* v.
*Norwood,* 62 Miss. 565, the rule is thus stated: "Among
the numerous tests which have been from time to time
suggested for the determination of the question, Whose
servant is this? are the following, each of which has in
some case been considered as conclusively fixing the exis-
tence of the relation:

(1) The right of selecting the servant: (2) the right to
discharge the servant: (3) the right to control the serv-
ant: (4) that he is not a master who is interested in the
ultimate result of the work done as a whole, but not in
the details of its performance."

Judged by any one or all of these tests, Prince & Wilds
must go free of any liability for the act of the driver.  See
also *Southern Express Co.* v. *Brown,* 67 Miss. 260; *Winn*
v. *Haliday,* 109 Miss. 691; *Woods* v. *Clements,* 113 Miss.
720; *Dempsey* v. *Frazier,* 119 Miss. 1.

By every one of the tests set out in the Mississippi de-
cisions, the firm of Prince & Wilds go scot free of all
liability for the acts of the driver of the truck which did
the damage of which Mrs. Isaacs has complained.

*Hirsch, Dent & Landau,* in reply for appellant.

Great stress is laid on the theory that the driver of the
truck  destroying  appellant's  automobile  was  not  the
servant of the appellee, and therefore no liability exists.

With great deference and respect, we submit that ap-
pellee's counsel shot wide of the mark.  It is admitted
that appellee was the owner of the truck doing the dam-
age; it is admitted that the driver of the truck was, by
agreement of the respective parties, placed in charge of
the truck doing a livery business, and that the driver was

paid by appellee; it is admitted that the truck was licensed by the county and city to do a general livery business in the city of Vicksburg; it is admitted that the Cumberland Telephone and Telegraph Company was paying ten dollars a day for the truck, and that out of this the appellee paid the diver; it is admitted that the truck negligently, and without proper regard for the rules of the city and the law of the state, ran into and against, and practically demolished the appellant's automobile.

The evidence discloses that the truck was being run under the name of Prince & Wilds. Under this statement of facts the appellee denies liability on the theory that the driver of the truck was not under the supervision or control of the appellee at the time tort was committed.

We submit that under the statute referred to in our original brief, and under the law as announced in the authorities therein referred to, liability does exist. Counsel disregards altogether the statute and the announcement of the court in *Flynt* v. *Jordan,* 122 Miss. 249, wherein the court said: "The burden is on the driver or owner to show the exercise of due care." There is no evidence in this record to show that either the driver or the owner exercised due care.

The testimony clearly discloses that the driver of the truck was the servant of the owner of the automobile, and, if he was not the servant of the owner of the automobile, and we submit that he was, then under our statute the owner of the automobile, under the existing facts disclosed by this record, is liable to the appellant for the destruction of the automobile.

ETHRIDGE, J., delivered the opinion of the court.

The appellant, Mrs. Isaacs, brought suit against Prince & Wilds, a partnership composed of George Prince and O. K. Wilds, for injury to a five-passenger Buick automobile, which automobile was run into and injured by a truck owned by Prince & Wilds but rented by them to the Cum-

berland Telephone & Telegraph Company under an arrangement by which the Cumberland Company would pay Prince & Wilds ten dollars per day for the truck, which price was to include also the compensation of the driver of the truck. The Cumberland Telephone Company applied to Prince & Wilds for a truck and driver to be used in the business of the telephone company. Prince & Wilds informed the telephone company that they would furnish the truck, but did not have a competent and suitable driver. The manager of the telephone company, who made the deal, stated that the company had a competent driver in their employment and would use this driver, but it was arranged that the wages of the driver were to be paid by Prince & Wilds out of the ten dollars per day for the use of the truck. The truck was regularly licensed in the city of Vicksburg in the name of Prince & Wilds and was used by them in their business at times in the city of Vicksburg. The telephone company is shown to have had control of the movements of the truck and driver and the truck was engaged in the business of the telephone company at the time the car of the appellant was injured. It is conceded that the driver of the truck was negligent in the operation of the truck, and substantial injury was proven-to the automobile of the appellant. At the conclusion of the plaintiff's testimony, which showed the above facts, the circuit court granted a peremptory instruction for the defendant, and judgment was entered thereon, from which this appeal is prosecuted.

As stated, the proof shows that Prince & Wilds paid the driver of the truck the sum of two dollars per day from the ten dollars received for the rent of the truck and driver. The driver was at the time of the contract between Prince & Wilds and the Cumberland Telephone & Telegraph Company employed by the telephone company and was placed by them in charge of the truck, and received his orders from the telephone company, who had control of the movement of the truck and of the business it was engaged in. It is insisted on the appeal that the re-

lation of master and servant existed between the driver of the truck and Prince & Wilds, and that the truck was being operated and was owned by Prince & Wilds, while the appellee insists that the driver of the truck, under the facts stated, was the servant of the telephone company, and not the servant of Prince & Wilds, in the true sense of the meaning of the term in relation to master and servant, and that the truck was not being used in the business of Prince & Wilds, or about their business, and that the servant at the time of the collision was not engaged about the business of Prince & Wilds, but was engaged in the business of the Cumberland Telephone Company.

In *Sawmill Construction Co.* v. *Bright,* 116 Miss. 491, 77 So. 316, it was held that where a person who is in the general employment of one person may be temporarily in the service of another with respect to the particular transaction or a piece of work so that the relation of master and servant arises between them as where an employer lends his employee to a third person for a particular employment, the employee for anything done in that particular employment is the servant of the third person, though he remains in the general employment of his employer. In that case Bright was in the employment of the Sawmill Construction Company, and was, under an arrangement between the construction company and the Finkbine Lumber Company, called into the service of the Finkbine Lumber Company to perform a particular service, and was injured while so employed. It was held that the Finkbine Lumber Company was liable. It was also held under the particular facts in that case that the construction company and the Finkbine Lumber Company were joint tort-feasors.

The case of *Carr* v. *Burke,* 183 App. Div. 361, 169 N. Y. Supp. 981, was a case wherein the defendant was engaged in the trucking business, handling trucks and horses and employing men to operate them. One Bowman was the defendant's employee. The night before the accident the defendant was called to the telephone by the Merchants'

Rapid Service Company, engaged in the express business, with whom he had never transacted any business relations theretofore, and asked if they could have a truck and team the following day. On the following morning when the defendant's driver, Bowman, reported for work, the defendant sent him to the place of business of said company with one of his trucks and teams. He was given two packages, one for the Adams Express Company and the other for Montgomery Ward, which he delivered, and he was then directed by said company to go to the Bush Terminal for a load of filled water bottles and bring them to the office of said company. He was on his way to the office with the load of bottles when he collided with a cart driven by the plaintiff, in consequence of which plaintiff was injured. Bowman was paid for his week's work, which included the day of the accident, by the defendant, who was paid eight dollars by the express company for the day's use of the truck and horses and the services of Bowman. The plaintiff was in the employment of the street cleaning department of the city of New York, driving a two wheeled dirt cart, on the day of the accident. The defendant gave no orders to Bowman after he left his place of business on the day of the accident, nor did he know what work he was engaged in doing, other than that it was the work of the express company from whom Bowman took his orders that day and did what they directed him to do. His work consisted in delivering goods to the places designated by the express company, and receiving goods at places to which he was sent by them, and transporting the same to their office or place of business. The court said in considering that case:

"The principles of law which control in this class of cases are quite well settled. A servant in the general employment of one person, who is temporarily loaned to another person to do the latter's work, becomes, for the time being, the servant of the borrower, who is liable for his negligence. But if the general employer enters into a contract to do the work of another, as an independent

contractor, his servants do not become the servants of the person with whom he thus contracts, and the latter is not liable for their negligence."

The judgment against the defendant was reversed, and the complaint dismissed.

To the same effect is *Burns* v. *Jackson* (Cal. App.), 211 Pac. 821, and other California cases cited in that opinion; *Campbell* v. *N. Y., N. H. & H. R. Co.*, 92 Conn. 322, 102 Atl. 597; *Greenberg & Bond Co.* v. *Yarbrough*, 26 Ga. App. 544, 106 S. E. 624, and authorities therein cited; *Sargent Paint Co.* v. *Petrovitzky*, 71 Ind. App. 353, 124 N. E. 881; *Hill* v. *Poindexter*, 171 Ky. 847, 188 S. W. 851, L. R. A. 1917B, 699; *Grothmann* v. *Hermann* (Mo. App.), 241 S. W. 461; *Puhlman* v. *Excelsior Express & Standard Cab Co.*, 259 Pa. 393, 103 Atl. 218, L. R. A. 1918D, 118; *Badertscher* v. *Independent Ice Co.*, 55 Utah, 100, 184 Pac. 181; *Core* v. *Resha*, 140 Tenn. 408, 204 S. W. 1149; *Olson* v. *Clark*, 111 Wash. 691, 191 Pac. 810; *Ash* v. *Century Lumber Co.*, 153 Iowa, 523, 133 N. W. 888, 38 L. R. A. (N. S.) 973; *Quinby Co.* v. *Estey*, 221 Mass. 56, 108 N. E. 908; *Standard Oil Co.* v. *Anderson*, 212 U. S. 215, 29 Sup. Ct. 252, 53 L. Ed. 480; *Fuller Co.* v. *McCloskey*, 228 U. S. 194, 33 Sup. Ct. 471, 57 L. Ed. 795.

It is clear to us from the principles announced in the foregoing cases that the truck was in the service of the Cumberland Telephone Company and that the driver was the servant of that company, performing their work, subject to their orders, and not subject to the orders of Prince & Wilds.

In *Woods* v. *Clements*, 113 Miss. 720, 74 So. 422, L. R. A. 1917E, 357, it was held that to make a person liable in damages for an injury inflicted in the operation of an automobile the relation of master and servant must exist, and, second, the car must have been used at the time of the injury in the course of the master's business. This rule has been announced in many cases in this state, and, as we understand the law and the record, the truck was not being operated in the business of Prince & Wilds at

133 Miss.] Syllabus.

the time of the injury, but was being operated in the business of the Cumberland Telephone Company, under its direction and control. In our view the peremptory instruction for the defendant was proper, and the judgment will be affirmed.

*Affirmed.*