312 P.2d 545

Frank WEESE and Bertha Weese, his wife, Plaintiffs-Appellees,

v.

Russell STODDARD, Individually, W. J. Sink, individually, and V. C. Steele, Roscoe C. Vaughn, Roy G. Preston, W. A. Wiseman, F. W. Wiseman, Russell Stoddard, Nyle Weese, J. G. Irwin, Rexford Jones, Clifford Holder, Ed Frieze, Henry Gresham, Otho Wiseman, Bosko Krivokapich, Fred Snyder, Jr., William Morgan, Russell Frazier, Earl Jones, Carl Crist, Robert Cresswell, and Harold Weese, as members of John Duffy Post No. 51 of The American Legion, an unincorporated association, and for and on behalf of all members of John Duffy Post No. 51 of The American Legion, an unincorporated association, Defendants-Appellants.

No. 6087.

Supreme Court of New Mexico.

Dec. 10, 1956.

Rehearing Denied June 11, 1957.

Willard F. Kitts, Iden & Johnson, Albuquerque, for appellants.

Robert A. Morrow, Raton, for appellees.

COMPTON, Chief Justice.

Appellees brought a class action for damages against the members of John Duffy Post No. 51 of The American Legion, an unincorporated association, for personal injuries allegedly caused by the negligence of one of its members. The trial court awarded judgment against the members of the Post, jointly and severally, and they appeal.

The facts are not in dispute. The Post had 67 members, 60 of whom resided in New Mexico. In the early part of 1950, a group of resident members decided to sponsor and operate a rodeo on June 17 and 18 of that year. On various occasions, for convenience, the Post and the Women's Auxiliary met at the same time and place. Representatives of the Auxiliary were present on the occasion mentioned when the Post was making plans for the rodeo. The question of providing refreshment was up for discussion. At first the Post thought of selling the refreshment concession but the Auxiliary requested the concession for itself, offering to construct the refreshment stand and operate that phase of the entertainment at its own expense. Thereupon the Post granted the concession to the Auxiliary. The stand was constructed, with the assistance of members of the Post, adjacent to the rodeo grounds. Appellee, Bertha Weese, was a member of the Auxiliary and was assigned by the Auxiliary to work at the refreshment stand both days.

The Post furnished one of its members, Russell Stoddard, to assist the Auxiliary in doing the work that was too heavy for

the ladies, such as hauling, loading and unloading soft drinks, ice, etc. He used a truck belonging to W. J. Sink in doing the hauling, but the cause was dismissed as to Sink. On the second day of the rodeo, some of the ladies requested Stoddard to erect a windbreak and sunshade to protect the area about the stand where they worked. The truck was parked near the stand, and to comply with their request, Stoddard, Nyle Weese and Henry Gresham, other members of the Post, erected a shelter by use of a wooden beam 2x6x15 feet extended from the corner of the refreshment stand to an opening in the truck body over which they hung a tarpaulin. Thus erected, the beam was 7 feet and 8 inches above the ground.

About 5:00 P. M. of that day, when the rodeo was about over, the ladies began closing the refreshment stand. Stoddard began placing pop bottles in cases and loading them into the parked truck. He also removed the tarpaulin from the beam. Just then some member of the Auxiliary requested him to move the truck. Appellee, Bertha Weese, who had been sitting in a parked car a short distance from the stand, returned for another soft drink. She walked under the beam as Stoddard moved the truck and it fell, striking her shoulder, causing the alleged injuries.

The trial court found that Stoddard was the agent of the Post at the time and that his negligence in moving the truck was the proximate cause of the injuries inflicted by the falling beam.

The members of an unincorporated association are liable for the torts committed by the association's agent acting within the scope of his employment. But whose agent was Stoddard at the time of the accident? The controlling factor in determining this question is: Whose work is being performed and who controlled and directed the agent in his work? We cannot escape the conclusion that Stoddard was a special servant at the time of the accident, controlled by and acting under the direction of the Auxiliary, a like unincorporated association. He was complying with the directions of the Auxiliary when he moved the truck. He was assigned specifically to do only the heavy work; other tasks were to be performed by the Auxiliary. At no time did he exercise control of the refreshment stand. The stand was the exclusive project of the ladies, and, incidentally, they received all benefits therefrom. Consequently the doctrine of respondeat superior is not applicable and the finding of the court must be set aside, having no support in the evidence.

The general rule is found at 35 Am.Jur. (Master and Servant) § 541, as follows:

"The fact that a person is the general servant of one employer does not,

as matter of law, prevent him from becoming the particular servant of another, who may be held liable for his acts. Indeed, as a general proposition, if one person lends his servant to another for a particular employment, the servant, for anything done in that employment, is dealt with as the servant of the one to whom he has been lent, although he remains the general servant of the person who lent him. An employer is not liable for injury negligently caused by a servant if the latter is not at the time in the service of the employer, but in the special service of another, although the question of liability is ultimately dependent upon the determination of who has the power to control and direct the exact time of the act in question. In other words, in determining whether, in respect of a particular act, a servant, in the general employment of one person, who has been loaned for the time being to another is the servant of the original employer or of the person to whom he has been loaned, the test is whether in the particular service which he is engaged to perform, the servant continues liable to the direction and control of his general employer or becomes subject to that of the person to whom he is lent, * * *"

The rule is well supported; Dunham v. Billy Walker Trucking Co., 60 N.M. 143, 288 P.2d 684; Devaney v. Lawler Corp., 101 Mont. 579, 56 P.2d 746; Finegan v. H. C. & A. I. Piercy Contracting Co., 189 App.Div. 699, 178 N.Y.S. 785; Isaacs v. Prince & Wilds, 133 Miss. 195, 97 So. 558; Denton v. Yazoo & M. V. R. Co., 284 U.S. 305, 52 S.Ct. 141, 76 L.Ed. 310; Jones v. George Getty Oil Co., 10 Cir., 92 F.2d 255.

█ Stoddard was sued in both his individual and representative capacity, and this decision does not affect the judgment against Stoddard individually.

The judgment as to other members of the Post should be reversed and the cause dismissed, and it is so ordered.

LUJAN, SADLER, McGHEE and KIKER, JJ., concur.

On Motion for Rehearing

COMPTON, Justice.

█ Counsel for plaintiffs (appellees) has moved for rehearing and supports his motion by a somewhat lengthy and vigorously argued brief. Primarily, he complains we have injected an entirely new theory of defense into the case by resting our decision on the holding that defendant, Stoddard, who did not appeal, was the

agent of the Women's Auxiliary, at moment of the injury suffered rather than serving the American Legion Post. Accordingly, he invokes a doctrine supported in the cases cited that this may not be done.

We do not agree with plaintiffs' counsel that this is so. Indeed, one of the most hotly contested issues at the trial was on the fact of agency in Stoddard for the Legion Post at the crucial moment. But even, if it be granted the basis of our decision disclosed a new theory, it represents a belated discovery by the plaintiffs. The issue was argued at length in the brief in chief of defendants and adverted to again in the reply brief, yet went unnoticed in the plaintiffs' answer brief as a "new theory." Its discovery as such on motion for rehearing, if so it be, comes too late.

In like fashion, counsel's effort to build support for the motion on a claim that, finding No. 5 touching agency in Stoddard for the Legion Post at time of injury was assigned as error and then abandoned through failure to argue same, must fail. Under Point II of their brief in chief, the defendants (appellants) challenged sufficiency of the evidence to support the "existence of an agency relationship between defendant Russell Stoddard, individually, and all members of the Post, or any of them" grouping assignment of error No. 10 which challenges finding of fact No. 5, with others of like tenor, and argues them at length. There was no abandonment of the claimed error in the questioned finding.

Both because of this fact and, as well, because, throughout, the tenor of defendants' argument, both below and here, has been a challenge to each and every finding of agency for the Legion in Stoddard, this ground of the motion is without merit. We have carefully considered the motion for rehearing and are not convinced our opinion filed should be withdrawn or modified. The motion will be denied.

It Is So Ordered.

LUJAN, C. J., and SADLER, J., concur.

McGHEE and KIKER, Justices (dissenting).

After a careful consideration of the motion for rehearing, the briefs and the testimony in the case, we believe the opinion in this case wherein it is held there was not substantial evidence to support the finding of the trial court that the refreshment stand was operated as a legion enterprise, was in error. We would, therefore, grant the motion for rehearing and withdraw the original opinion.

As the majority believe otherwise, we dissent.