421 P.2d 441

Cecil Ray WUERTZ, Plaintiff-Appellant,

v.

Larry D. HOWARD and Halliburton Company, Defendants-Appellees,

Home Insurance Company, Intervenor-Appellant.

No. 8062.

Supreme Court of New Mexico.

Dec. 19, 1966.

Potter & Payne, Lovington, for appellant.

Neal & Neal, Hobbs, for appellees.

## OPINION

JOE W. WOOD, Judge, Court of Appeals.

The issue is whether plaintiff was a special employee. We hold that he was.

Delhi-Taylor Oil Corporation contracted with Sharp Drilling Company (hereinafter referred to as Sharp) to drill a well on its oil well drilling location. Delhi-Taylor also contracted with Halliburton Company (hereinafter referred to as Halliburton) to furnish cementing service for the well. Plaintiff was on the location as a general employee of Sharp. Howard was on the location as an employee of Halliburton.

Howard was transferring cement from a Halliburton truck to a Halliburton storage bin by means of a hose. The hose became clogged with cement. Plaintiff assisted Howard in unclogging the hose. While doing so he was struck in the face by cement.

Plaintiff sued Howard and Halliburton for negligence. By stipulation of the parties, Howard was dismissed as a defendant. Halliburton's motion for summary judgment was sustained and plaintiff appealed.

It is undisputed that Howard asked plaintiff for help in unclogging the hose, that Howard told plaintiff what Howard wanted him to do, and how to do it. Plaintiff raises no issue as to Howard's authority to obtain assistance. See Bogart v. Hester, 66 N.M. 311, 347 P.2d 327.

In several decisions we have stated the basis for determining whether one is a special employee. The test, recently restated in Shipman v. Macco Corp., 74 N.M. 174, 392 P.2d 9, is: Whose is the work being done? In answering this question, the power to control the work is of great importance.

The undisputed facts show that plaintiff was engaged in doing Halliburton's work, and that the work being done was the work that Halliburton was to perform under its contract. The parties stipulated that Halliburton was an independent contractor. Thus, the power to control the work rested in Halliburton. Further, the work in which plaintiff was engaged was being done under the control and direction of Halliburton's employee.

Plaintiff contends that he was not a special employee because (1) of the time factor, (2) the assistance he was rendering was with the consent of his employer, (3) the accident did not occur on Halliburton's premises and (4) he did not consent to the new relationship. None of these contentions have merit.

The time involved here was three to five minutes. Plaintiff points out that he was giving témporary assistance only. He claims that in our decisions on the special employee question, the employee was engaged in a line of work involving a greater length of time than was involved here. Whether or not this is so, the length of

time is not the test. Whether the injured person had been doing this work for five or fifty minutes, and whether he would have continued in this work for a shorter or greater length of time in no way changes the test. That test is: Whose work was being done at the time of the accident?

■ Rhinelander Paper Co. v. Industrial Commission, 206 Wis. 215, 239 N.W. 412, held that where the employee entered into the service of another at the command of and pursuant to the direction of his general employer, no new relationship is created. The employee continued to be the employee of his general employer and did not become a special employee of the person to whom he was loaned. The Wisconsin court gives two reasons for this result: (1) In doing work at the direction of the temporary master, he is carrying out the order of his general employer. (2) In order to transfer liability from the general employer to the one to whom the employee is loaned, there must be a consensual relationship between the loaned employee and the employer whose service he enters.

Relying on Rhinelander, plaintiff claims that Sharp either expressly or impliedly consented to the assistance he was rendering to the Halliburton employee. From the record, such consent is doubtful. Assuming, however, that there was consent, such consent does not bar the employee from becoming the special employee of another. In Jones v. George F. Getty Oil Co., 92

F.2d 255 (10th Cir. 1937) and Weese v. Stoddard, 63 N.M. 20, 312 P.2d 545, the general employer had directed the employee to do the work he was doing; in both cases the worker was held to be a special employee.

■■ The fact that the accident occurred on a drilling location where both Sharp and Halliburton had a right to be is of no benefit to plaintiff. The status of special employment is not dependent on the accident happening on the premises of the special employer. See Brown v. Pot Creek Logging & Lumber Co., 73 N.M. 178, 386 P.2d 602.

Plaintiff entered the service of Halliburton in the same manner that the truck driver of Billy Walker entered the service of Howard P. Holmes Drilling Company in Dunham v. Walker, 60 N.M. 143, 288 P.2d 684. Being asked, he helped out. Thus, if required, there is a "consensual relationship" between employee and special employer. In discussing the Dunham case, Huff v. Dunaway, 63 N.M. 121, 314 P.2d 722, states:

" * * * The employment in Dunham v. Billy Walker takes on the character of a 'borrowing' by the Holmes Drilling Company of an employee of Walker to assist in a work foreign to the engagement that had brought him there. This factor injects an element of choice, or voluntariness, on the part of the 'bor-

. rowed' employee, so desirable in a transaction of this kind. * * *"

Since plaintiff was a special employee of Halliburton, his negligence action was barred by the Workmen's Compensation Act. His remedy is under that act. Dunham v. Walker, supra; Beal by Boatwright v. Southern Union Gas Co., 62 N.M. 38, 304 P.2d 566. The summary judgment was proper.

The judgment is affirmed. It is so ordered.

CARMODY, C. J., and COMPTON, J., concur.