### DUTTON *v.* THE STATE.

1. It was too late to file a plea of misnomer as to the Christian name by which the accused was indicted, the plea not being offered upon arraignment of the accused, nor until after a plea of not guilty and a trial on the same up to the close of the evidence introduced by the State.
2. Several grounds of the motion for a new trial complaining that evidence was admitted over objection, but not stating what the objection was, these grounds of the motion are not sufficiently definite to be considered.
3. Although the evidence to connect the accused with the offence was wholly circumstantial and in some degree conflicting, there was enough in support of the verdict to render it proper for the Supreme Court to acquiesce in the finding after its approval by the presiding judge, his approval being signified by his refusal to grant a new trial.

July 10, 1893.

Indictment for murder. Before Judge MILNER. Bartow superior court. January term, 1893.

M. R. STANSELL, for plaintiff in error.

J. M. TERRELL, attorney-general, and A. W. FITE, solicitor-general, *contra*.

BLECKLEY, Chief Justice.

1. The accused was indicted under the name of Will Dutton. On arraignment he pleaded not guilty. Upon this plea the trial proceeded until the State had submitted its evidence and closed, when the accused moved to file a special plea in abatement setting up that his name was not Will but John Dutton. The court refused to allow this plea at that stage of the trial. Any one who seriously doubts the correctness of this ruling may readily solve his doubts by studying law.

2. Whether the court erred in admitting evidence over the objection made to its admission, is so dependent upon the objection made, that unless the objection be disclosed to this court as it was to the trial court, it is impossible for this court to review the ruling intelligently. For this reason the practice has been, and still is, to decline attempting any review in such instances. No good reason for departing from the practice in this particular case occurs to us or has been suggested. All the complaints made in the motion for a new trial as to the admission of evidence are disposed of by these observations.

3. The fact of murder, murder most wicked and atrocious, was established at the trial beyond all possibility of question. The only problem for solution was: by whom was it committed? The evidence to connect the accused with the deed and identify him as the perpetrator was wholly circumstantial. In some respects it was conflicting, but, taken as a whole, while it leaves upon our minds some doubt and dissatisfaction, it was enough to support the verdict in so far as to render it proper under the law for this court to acquiesce in the finding, the same having been approved by the presiding judge, as conclusively appears by his refusal to grant a new trial. He was in the atmosphere of the trial, saw and heard the witnesses, heard the arguments of counsel, and was in a position to interpret and appreciate the

evidence in all its shades of meaning better than we can do by merely reading and studying a written report of it. He had in his presence the living thing; we have but a dead image of it. We should be much more likely, in so close a case, to err by overruling his decision than by affirming it. The true spirit of the law requires us to do the latter.                    *Judgment affirmed.*