STOUT *v.* HARLEM, ADMINISTRATOR.

[No. 2,520. Opinion on motion to advance cause filed Nov. 5, 1897. Principal opinion filed May 19, 1898.]

APPEAL AND ERROR.—*Advancement of Cause.*—A motion to advance a cause must show by affidavit the grounds upon which the motion is based, and the facts must be so stated that the court can determine upon the face thereof, without reference to the record, whether the cause should be advanced. *pp. 201-203.*

PRACTICE.—*Carrying Demurrer to Answer Back to Cross-Complaint.* —*Harmless Error.*—Error cannot be predicated upon the action of the court in overruling a demurrer to a cross-complaint, where a demurrer was afterward sustained to an answer to such cross-complaint, and carried back and sustained to the cross-complaint. *pp. 203, 204.*

PLEADING.—*Theory.*—A pleading cannot perform the two-fold purpose of an answer in bar and also as asserting a cause of action. *p. 204.*

NEW TRIAL.—*Appeal and Error.*—*Record.*—A motion for a new trial must be sufficiently certain and specific to enable the court to identify the rulings without resort to any other part of the record. *p. 205.*

SUMMONS.—*Service by Copy at Place of Business.*—The service of a summons upon a defendant by leaving a copy at his last and usual place af business is not in compliance with the statute requiring a summons to be served either personally on the defendant or by

leaving a copy thereof at his usual or last place of residence. *p. 205.*

SUMMONS.—*Service by Copy at Place of Business.*—A judgment rendered upon service by copy at defendant's last and usual place of business is without jurisdiction of the person, and void, where defendant's residence and place of business were in the same city, about a mile apart, and he was absent from the city at the time the officer left the summons and made the return.  *p. 205.*

From the Posey Circuit Court.  *Motion to advance cause overruled.  Cause affirmed.*

*James W. Henson* and *E. C. Barrett*, for appellant.

*C. M. Spencer* and *G. V. Menzies*, for appellee.

OPINION ON MOTION TO ADVANCE.

BLACK, J.—A motion has been made to advance this cause.  Omitting its caption, it proceeds as follows:  "Appellant and appellee respectfully petition this honorable court to advance this cause on the docket, and for an early decision of the same, for the following causes:  First.  The decision of this cause will determine other claims now pending, involving the same questions presented by the record.  Second. The speedy determination of this cause will enable the administrator of the estate to make final settlement at an early date."  This is signed by the attorneys of both parties, as such.  The cause was submitted on the 16th of August, 1897, and a brief has been filed by each party.  It having been determined upon consultation that this motion should be overruled, it was deemed proper that an interlocutory opinion be rendered showing the grounds of this determination, though it is the usual practice to pass upon such motions summarily and without the rendition of opinions thereon.

There is not, among the general rules of this court, any rule relating specifically to the advancement of the hearing of causes, but such a motion comes within

the rules of court pertaining to motions in general. The hearing of a cause may be advanced in a proper case upon proper application. The statute provides, that the clerk shall docket all appeals in the order in which the transcripts are filed; and they shall be heard in the same order, unless the court, for good cause shown, direct a different mode of hearing. Section 665, Burns' R. S. 1894 (653, Horner's R. S. 1897). We are relieved from deciding what power, if any, the court would have inherently in such a matter without such a statute, which, it has been said by the Supreme Court, invests the court with a discretionary power of changing the order of hearing causes. *Parker* v. *State, ex rel.*, 132 Ind. 419, 423. We will not now go into the question relating to what are good causes for which advancements of hearings may properly be made. The case above cited adverts to that matter, and the subject is discussed in the books of practice. See Busk. Prac. 331, *et seq.*; Elliott App. Proc., section 461, *et seq.* The application must be subsequent to submission, and it should be preceded or accompanied by the brief of the applicant upon the merits of the cause. In the case of a motion to advance, unlike that of an application for an oral argument, written notice must be given to the adverse party or his attorney, unless there be an express consent or a waiver of notice, or as in the case before us, a united application by both parties. Such a joining of the parties in a motion dispenses with the necessity for notice. But the advancement of a cause can never be claimed as of right. (*Parker* v. *State, ex rel., supra.*) It will not be allowed as a matter of course, even at the request of all the parties. Justice and fairness to other suitors whose suits would thereby be displaced and delayed forbid, and the statute does not allow, the granting of such an application, except upon a

proper showing of good cause.    Whatever may be the practice of the courts elsewhere, the appellate courts of this State, in determining whether or not good cause has been shown, will not, for such purpose, examine the contents of the transcript of the record on appeal.    It may be readily understood that otherwise the time which must be given to the hearing and decision of causes would be improperly and unnecessarily diminished.    In accordance with the practice in cases of motions in general, they must show the grounds upon which they are based, and matters of fact stated in them cannot be accepted as true upon the mere statement of the party or parties making the motion or their attorneys.    The motion must be verified.    The facts upon which the application is based should be fully stated, without aid through reference to the record of the cause; nothing should be left to mere inference or conjecture, but such a statement should be made that the court, upon the face thereof, can see a good cause for advancing the hearing, and the truth of the facts so stated should be established by affidavit.

It is readily seen that the motion before us does not properly show any supposed cause, good or otherwise, for advancement.    Until that is done we need not decide further.    The motion is overruled.

### PRINCIPAL OPINION.

ROBINSON, C. J.—Appellant filed a claim against the estate of appellee's decedent.

The first error discussed is the overruling of appellant's demurrer to appellee's cross-complaint.    Upon the overruling of this demurrer appellant answered the cross-complaint in two paragraphs, the first being the general denial.    Appellee demurred to the second paragraph of answer, and this demurrer was carried

back and sustained to the cross-complaint. As this ruling took the cross-complaint out of the record, it accomplished the same result as would have followed the sustaining of appellant's demurrer. We are not informed how appellant could have been harmed by the ruling complained of.

The claim was filed in four paragraphs. Appellee filed an answer addressed to the third paragraph, but it is evident from an examination of the pleadings, as stated in appellant's brief, "the answer was not only defective in its averments, but was wholly misdirected, thus amounting to no answer at all." But, even if it was a good answer to the paragraph to which it is addressed it purports to answer only one paragraph.

The statute gave appellee the right to make any defense except set-off or counterclaim without plea. Section 2479, Burns' R. S. 1894. Upon the sustaining of the demurrer to the cross-complaint appellant moved "for judgment in his favor on the pleadings herein on paragraphs one, two, three, and four of his original demand against said decedent's estate herein." This motion was overruled and this ruling is assigned as error.

The cross-complaint was in no sense an answer. It could not be both an answer and a cross-complaint. It must be the one or the other. The pleading was filed as a cross-complaint and was answered and treated as such by appellant. A pleading cannot perform the two-fold purpose of an answer in bar and also as asserting a cause of action. *Conger* v. *Miller*, 104 Ind. 594; *Campbell* v. *Routt, Admr.*, 42 Ind. 410. So that even if we should concede that one of the paragraphs was specially answered, there was no error in overruling the motion for judgment, for the general denial was in against the other paragraphs.

Appellant, after the overruling of the above motion, dismissed the second and third paragraphs of claim and the cause was submitted for trial on the first and fourth paragraphs, resulting in a judgment in appellee's favor.    A motion for a new trial must be sufficiently certain and specific to enable the court to identify the rulings without resort to any other part of the record.    This court cannot look to the bill of exceptions to aid the motion, for the reason that the bill was not on file at the time the motion was presented to the trial court.    It must appear that the ruling was fairly presented to the trial court for review before any question can be presented to the appellate tribunal.    *Sim* v. *Hurst*, 44 Ind. 579; *Rogers* v. *Rogers*, 46 Ind. 1; *Shore* v. *Taylor*, 46 Ind. 345; *Noble* v. *Dickson*, 48 Ind. 171.

The service of a summons upon a defendant by leaving a copy thereof at his *last and usual place of business*, is not a compliance with the statute requiring a summons to be served either personally on the defendant or by leaving a copy thereof at his *usual or last place of residence*.    A personal judgment upon default rendered upon such service, where it appears that the defendant's residence and place of business are in the same city, but about a mile apart, and that the defendant was absent from the city when the officer left the summons and made the return, is without jurisdiction of the person, and is void.    *McCormack* v. *First Nat'l Bank*, 53 Ind. 466; *Jessup* v. *Jessup*, 7 Ind. App. 573; *Cavanaugh* v. *Smith*, 84 Ind. 380; *State, ex rel.*, v. *Ennis*, 74 Ind. 17; *Pressley* v. *Harrison*, 102 Ind. 14; *Paulus* v. *Latta*, 93 Ind. 34.

It is argued that the decision of the court is not sustained by sufficient evidence.    We have carefully examined the evidence and can but conclude that there is abundant evidence to sustain the trial court.

We cannot disturb the finding upon the evidence. There was evidence to the effect that the claim was fully compromised and settled during the lifetime of the decedent. Although a smaller amount was accepted than the face of the claim, yet it is clear from the transaction, from the check given in payment and the receipt given, and that it was paid by a third person who accepted the creditor as his debtor, that the parties fully settled and canceled the claim. See *Wells* v. *Morrison*, 91 Ind. 51; *Fensler* v. *Prather*, 43 Ind. 119. Judgment affirmed.