---

[No. 1908, September 20, 1916.]
[On Motion for Rehearing, December 15, 1916.]
STATE v. WILLIAMS.

### SYLLABUS BY THE COURT.

1. Unless the assignment of error in the motion for a new trial clearly specifies the legal ground of objection, the

objection will not be considered on appeal, where the question is not one of jurisdiction.

P. 340

2. Where the facts as to whether a witness is an accomplice are in dispute, the requested instruction, charging that the witness is an accomplice, is properly refused.

P. 342

On Motion for Rehearing.

3. A new and original question cannot be considered for the first time on motion for rehearing.

P. 344

4. The corrupt act of a justice of the peace in delivering to a third person papers of a case tried and determined by him and appealed to the district court, instead of delivering same to proper authority, constitutes bribery under section 1670, Code 1915, and indictment therefor held sufficient.

P. 344

Appeal from District Court, Curry County; McClure, Judge.

Robert N. Williams was convicted of wrongfully accepting a bribe, and he appeals. Affirmed.

O. O. ASKREN of Roswell and W. A. GILLENWATER of Clovis, for appellant.

H. S. BOWMAN, Assistant Attorney General, for the State.

### OPINION OF THE COURT.

HANNA, J.—The appellant, Robert N. Williams, was convicted of the offense of receiving and accepting a bribe. He appeals from the judgment of the court sentencing him to serve a term in the state penitentiary of from not less than 3½ years nor more than 4 years.

The appellant's brief omits a statement of facts; hence the following statement of facts appearing in the brief of the state will be considered as the facts of this case on appeal:

The appellant was elected to the office of justice of the peace of precinct No. 2, Curry county, N. M., January 13, 1913, for a term of two years, and qualified as such officer immediately thereafter. Late in the month of November, 1913, there were filed with appellant, as such justice of the peace, two complaints, each charging one Ray Moss with the offense of unlawful carrying of deadly weapons. Upon a hearing Moss was found guilty and a fine of $50 and a jail sentence of 50 days was imposed in each case. A motion for a new trial was filed, and the motion was granted by the justice, but upon consulting with the assistant district attorney and learning that the motion for a new trial had been erroneously granted, because there was no jurisdiction in the justice of the peace court to grant a new trial, this action of the court was vacated, and an appeal from the judgment of the court imposing the fine and jail sentence was prayed for and granted, and appeal bonds were filed. Upon request of appellant the docket was written up by the assistant district attorney. The transcript of the docket entries and the papers in the two cases were never transmitted to the clerk of the district court, as required by statute in cases appealed from justice of the peace courts.

From this point the material evidence, as shown by the record, was conflicting. George B. Moss, father of Ray Moss, testified for the state: That he was approached by appellant on the streets of Texico, and in conversation that ensued appellant agreed to dismiss the two cases against Ray Moss upon the payment to him by the senior Moss of the sum of $50. That he (Moss) then procured $45, which appellant agreed to accept, and ordered the witness to go up to his office and place the money in appellant's desk. Witness complied, and later the same day appellant called witness to the front door of the former's office and delivered to him the papers in the two cases. These papers were later burned by the witness. Later he

examined the docket entries of the two cases, and found they had not been marked "Dismissed," as appellant had agreed should be done. That he went to appellant's house and suggested to the latter's wife that the docket be destroyed to prevent appellant "getting into trouble." All of this incriminating testimony was denied by appellant and his witnesses. The testimony of the appellant was to the effect that during his absence from the state because of sickness the docket of his court and the papers in the Moss case had been taken from his office and had never been returned.

[**1**]  The first five points made in appellant's brief concern the admission of evidence over his objection. The state contends that these points are not properly before the court for consideration because the motion for a new trial does not set forth the reasons why the admission of such testimony is erroneous. An examination of the record discloses that no reasons were assigned in the motion for a new trial as to why the admission of such evidence was erroneous. An illustration of the method pursued by appellant with reference to these points is as follows:

"(6)  The court erred in admitting the testimony of the witness George B. Moss, and in overruling the defendant's objection propounded to said 'Moss as follows: 'You were asked, Mr. 'Moss, if you did not get these papers yourself out of the office of Mr. R. N. Williams, the justice of the peace.  I will ask you to state to the jury whether or not you know of this defendant, Williams, accepting money from other persons to drop cases on his docket.' And to ' the witness answered: 'Well, that is just hearsay, not of my own personal knowledge; I wasn't an eyewitness.' And to which ruling of the court the defendant at the time excepted.

The two statutory provisions of this state referring to motions for a new trial (sections 4226 and 1407, Code 1915) are silent as to what the motion must contain in order to constitute a proper assignment of error.

In Dutton v. State, 92 Ga. 14, 18 S. E. 545, the second paragraph of the syllabus reads as follows:

"Several grounds of the motion for a new trial complaining that evidence was admitted over objection, but not stating what the objection was, these grounds of the motion are not sufficiently definite to be considered."

In Hoffer v. Gladden, 75 Ga. 532, the court said:

"The assignments of error on the first, second, third, and fourth grounds of the motion [for the new trial] cannot be considered here, because they all go to the admission of evidence, and the ground on which that evidence was objected to is not specified in either of the several grounds of the motion above numbered."

In Georgia Railroad & Banking Co. v. Bohler, 98 Ga. 184, 26 S. E. 739, the court said:

"We do not think the exception to the charge of the court as stated in the motion for a new trial was well taken. The language complained of in this instruction is substantially the language employed in section 3018 of the Code, which gives a right of action for the character of injuries complained of, and is a fair statement of a sound proposition of law. It will be seen, from reading the ground of the motion wherein complaint is made because the court permitted the plaintiff to testify to certain facts, that it affords no reason for the reversal of a judgment denying a new trial, for the reason that, while it appears that the plaintiff objected to the introduction of the evidence, it is not stated what objection was made by him at the time it was offered. Therefore we cannot say whether the court ruled properly upon the objection or not. To say in the motion for a new trial that the movant objected to certain evidence, and there said that the objection should have been sustained because the evidence offered was irrelevant, does not imply that at the time it was offered the same reason was assigned why it should be rejected as was assigned as a reason why a new trial should be granted, because of its admission. In other words, there was as to this ground no legal assignment of error, and the court could properly disregard it in passing upon the motion for a new trial."

In Bray v. Walker, 112 Ga. 364, 37 S. E. 370, the court said:

"One of the grounds of the motion for a new trial is 'because the court erred in admitting the fi. fa. in said case in evidence over the objections of claimants.' It has been repeatedly ruled that a ground in a motion for a new trial complaining of alleged error in admitting evidence cannot be considered by this court when it does not appear from the assignment of error in the motion what objection was made by the movant to the introduction of the evidence. This court will not look through the brief of evidence in order to ascertain, if possible, therefrom what objection, if any, was made to the admission of evidence. Taylor v. State, 105 Ga. 847, 33 S. E. 190."

In passing upon a similar question the Indiana Appellate Court, in Stout v. Harlem, 20 Ind. App. 200, 50 N. E. 492, 48 N. E. 235, said:

"A motion for a new trial must be sufficiently certain and specific to enable the court to identify the rulings without resort to any other part of the record. This court cannot look to the bill of exceptions to aid the motion, for the reason that the bill was not on file at the time the motion was presented to the trial court. It must appear that the ruling was fairly presented to the trial court for review before any question can be presented to the appellate tribunal."

In 12 Cyc. 745, the doctrine is thus stated:

"The moving papers should specify with clearness and certainty the grounds on which a new trial is sought. * * *"

See, also, Chestnut v. State, 112 Ga. 366, 37 S. E. 384, and 3 C. J. 967.

We cannot assume that, because appellant objected to the introduction of this evidence on certain grounds at the trial, the same objections were argued by him on the hearing of the motion for a new trial. It was his duty to clearly specify the grounds of his objection in his motion for a new trial, and, not having properly done so, no question on these points is presented for our consideration.

[2] Appellant argues that the court erred in not instructing the jury that George B. Moss was an accomplice, and as to the effect to be given the testimony of such a witness. The proposition of law for which appellant contends was contained in an objection to the instructions given by the court. The Assistant Attorney General contends that, as the instructions of the court and the exceptions thereto were not a part of the record by bill of exceptions, they are not before the court for any purpose. Without deciding what constitutes record proper or whether or not the instructions of the court in this case, and the exceptions mentioned, are a part of the record in this case, either by way of record proper or by bill of exceptions, we will assume that the question urged by appellant is properly before us. The objection of the defendant reads as follows:

State v. Williams, 22 N. M. 337.

"(5)   The defendant excepts to the failure of the court to instruct the jury that the witness George. B. Moss is an accomplice in the commission of the crime charged, if in fact there was such crime, and· that the jury should receive his testimony with caution and suspicion, and that they should ·'ot convict the defendant upon the testimony of the said George B. Moss unless they believe this testimony to be true after a careful and cautious scrutiny of the same.''

The evidence on the part of the state tended to show that George ·B. Moss delivered to appellant the sum of $45, and appellant thereafter delivered the papers in the two cases to George B. Moss. This testimony was denied in whole by appellant, and he attempted to account for the loss of the custody of the papers in the two cases by stating that while he was absent from the state those papers had been taken from his office and had never been returned. Assuming that evidence introduced by the state showed the witness Moss was an accomplice, the evidence on the part of the appellant tended to contradict that conclusion. The requested instruction or exception assumes that Moss was an accomplice, whereas it appears that there was a conflict of evidence on the question.

In 39 L. R. A. (N. S.) 704, 705, will be found reported the case of People v.. Coffey, 161 Cal. 433, 119 Pac. 901. The appellant was convicted of having agreed to receive and receiving a bribe. He was the incumbent of the public office of supervisor. The court, among other things, said:

"When the question of an accomplice arises in the trial of a case, the general and accepted rule is for the court to instruct the jury touching the law of accomplices,. and leave the question whether or not the witness be an accomplice for the decision of the jury as a matter of fact.   *   *   *
"Whenever the facts themselves are in dispute, that is to say, whenever the question is whether the witness did or did not do certain things, which, admittedly, if he did do them, make him an accomplice, the jury's finding upon similar principles is not disturbed.   But   *   *   *   where the acts and conduct of the witness are admitted, it becomes a ques-tion of law for the court to say whether or not those acts and facts make the witness an accomplice."

This is in harmony with the view that the court cannot charge as a matter of fact when the fact is in dis-

pute. It is unnecessary to cite further authority on this proposition.. Suffice it to say that whether as a matter of law the witness was an accomplice would depend upon the facts, and, the facts being in dispute, the court was not authorized to assume the truth of one or the other side. Therefore the requested instruction was properly refused.

The judgment of the court is therefore affirmed; and it is so ordered.

ROBERTS, C.J., and PARKER, J., concur.

## ON MOTION FOR REHEARING.

HANNA, J.—Appellant has filed a motion for rehearing in this case. He relies on three separate propositions therein.

[3] The first is that an instruction given by the court of its own motion was erroneous. Counsel for appellant admit that this point was not raised in this case in the first instance, but insist that it was raised at the oral argument, and that the court failed to pass thereon. The rule announced in the case of State v. McKnight, 21 N. M. 14, 48, 153 Pac. 76, viz., that new and original questions cannot be presented for the first time on motion for rehearing, is controlling on this point. The duty of counsel was to make the point in his brief, as required by section 1, rule 8 (153 Pac. xix), of the rules of this court. Not having done so, the point cannot be considered as having been presented properly in the first instance. Had appellant made the point first on the oral argument and filed a supplemental brief thereon, the situation might be such as to permit us to hold otherwise. Not having properly presented the point in the first instance, it cannot be presented as a new question on motion for rehearing.

[4] The indictment was drawn under section 1670, Code 1915. That section provides:

"Every person who shall give any° sum or sums of money * * * to any * * * justice of the peace acting within the state, in order to obtain or procure any opinion, judgment or decree or to influence or corrupt any such judge or justice to be more favorable to one party than to the other

in any cause or action or suit or matter pending or to be brought before said judge or justice; * * * and the * * * justice of the peace * * * who shall in any way accept or receive * * * said money * * * shall be deemed guilty of bribery. * * * "

The indictment alleged the following, in so far as the same is material hereto:

"That * * * on the 1st day of January in the year one thousand nine hundred and fourteen Robert N. Williams was the duly elected, qualified, and acting justice of the peace, * * * whereupon one Ray Moss being then and there charged with an offense against the laws of the state of New Mexico, to-wit, with the crime of carrying concealed weapons in and about a settlement in said county and state, the said Ray Moss being charged by complaint with said crime before said Robert N. Williams, and the said Robert N. Williams, then and there having jurisdiction to hear and determine said cause, upon investigation thereof and hearing of evidence therein, rendered judgment in said cause, and adjudged and sentenced the said Ray Moss to make and pay a fine to the state of New Mexico in the sum of $50, and adjudged and sentenced him to serve a term of 30 days in the county jail, * * * whereupon the said Ray Moss prayed an appeal from said judgment and sentence aforesaid to the next term of the district court of Curry county to be holden thereafter * * * on the 9th day of February, nineteen hundred and fourteen, and thereupon the said Ray Moss executed an appeal bond to the state of New Mexico, which said appeal bond was accepted and filed by the said Robert N. Williams, as justice of the peace aforesaid, and said appeal was allowed, and the defendant, Ray Moss, was released from custody, and thereafter, on the 15th day of January in the year one thousand nine hundred and fourteen, * * * the said Robert N. Williams, being then and there justice of the peace as aforesaid, * * * then and there did unlawfully, feloniously, and corruptly accept and receive from one George B. Moss the sum of $45 * * * as a bribe and pecuniary reward to influence and induce him, the said Robert N. Williams, to dismiss and deliver over all the papers * * * pertaining to and concerning the case of the State of New Mexico v. Ray Moss, * * * and not to send up said papers to the county clerk of Curry county, as required by law, and he did then anl there, by reason of said pecuniary reward aforesaid, deliver up and surrender the warrant * * * and other papers pertaining to and concerning the case, to George B. Moss, to be by him destroyed and withheld from the clerk of the district court to prevent the further prosecution of the said Ray Moss. * * *"

The indictment is subject to criticism in many respects. The appellant contends that it is defective in that it fails to show that the matter was pending before the justice of the peace and affirmatively shows that the case of State of New Mexico v. Ray Moss was not pending before the appellant, as justice of the peace, at the time the alleged act of bribery took place. The appellant either misconceives the terms of the indictment or the requirements of the statute under which the indictment was drawn. The statute not only includes acts of bribery in pending causes, actions, and suits, but includes also pending "matters." The money must be paid by the person and received by the justice of the peace for an opinion, judgment, or decree of the latter, or to influence the latter to be more favorable to one party than to the other in any "matter" pending or to be brought before the said justice of the peace. The appellant assumes that no official matter was pending before the appellant as justice of the peace at the time the act of bribery is alleged to have taken place, because the case of State of New Mexico v. Ray Moss had been tried and determined, and the appellant, as such justice, had lost jurisdiction thereof by virtue of the fact that he exhausted his official power in that case by his judgment and sentence and the granting and perfecting of an appeal therein to the district court of Curry county. We assume, without so deciding, that the proceedings had in that case exhausted the power of the court of the justice of the peace to proceed further on the merits, but it should be noted that the matter of the transmittal, as well as possession of, the papers and records of that case was still lodged with the justice of the peace and concerned his official duties as such justice of the peace. Section 3222, Code 1915, provides that:

"On or before the first day of the next term of the district court for the county, the justice shall file in the office of the clerk of said court a transcript of all the entries made in his docket relating to the case, together with all the papers relating to the suit."

The statute under which this prosecution was begun is very broad, and we are not justified in narrowing its plain

import by interpretation.   The statute, it is clear, includes any matter over which the justice has jurisdiction, and, as the statute cited supra makes it the duty of the justice of the peace to retain all papers in cases theretofore pending before him and transmit them on appeal to the proper authority within a specified time, the act charged in the indictment falls within the terms of the statute.   The justice of the peace did not lose jurisdiction of the matter in certifying these papers to the proper authority simply because he had exhausted his jurisdiction of the case theretofore tried and determined by him, assuming that he did lose jurisdiction thereof.   Therefore the indictment is not insufficient in the respect mentioned by appellant.

The third and last point concerns the holding of this court in the former opinion on the question of the extent to which counsel must go in pointing out alleged errors of the trial court in the motion for a new trial. We held in the former opinion that the grounds of error in the motion for a new trial, so far as the same concerned the first five points made in this court by appellant, were not sufficiently specific.   Counsel would have us hold that, because all of such alleged errors concerned the admission of certain evidence, which he characterizes as wholly incompetent and highly prejudicial to appellant, the necessity for clearly pointing out to the court the objection to such erroneous action does not exist.   He cites numerous cases and argues the proposition from several standpoints, but we are convinced that the rule laid down by us is correct and is applicable to this case.

The motion for rehearing will therefore be denied; and it is so ordered.

ROBERTS, C.J., and PARKER, J., concur.