627 P.2d 1253

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Ricky GALLEGOS, Defendant-Appellant.**

**No. 4936.**

Court of Appeals of New Mexico.

April 14, 1981.

John B. Bigelow, Chief Public Defender, Lynne Corr, Asst. Appellate Defender, Santa Fe, Calvin R. Neumann, Trial Counsel, Clovis, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Santa Fe, Carol Vigil, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Defendant appeals his conviction of second degree murder. There are three

issues: (1) informing the prospective jurors, immediately prior to voir dire, that the death penalty was not involved; (2) sufficiency of the evidence; and (3) the trial court's nondisclosure of information obtained by the trial court *in camera* during a proceeding under Evidence Rule 510.

*Informing Prospective Jurors that the Death Penalty was not Involved*

The indictment charged defendant with first degree murder, a capital felony. Section 30–2–1, N.M.S.A.1978 (Cum.Supp.1980). However, the aggravating circumstances set forth in § 31–20A–5, N.M.S.A.1978 (Cum.Supp.1980), were not involved. If convicted of first degree murder, defendant would not have been exposed to a sentence of death, § 31–20A–2, N.M.S.A.1978 (Cum.Supp.1980).

Immediately prior to the voir dire of prospective jurors, the trial court stated:

Before the State will inquire on voir dire examination, the Court will make this announcement to people in the jury box and all the jurors here. This is a first degree murder case. However, ladies and gentlemen, I would advise you that the death penalty is not involved in this case.

U.J.I.Crim. 50.06 states: "You must not concern yourself with the consequences of your verdict." The Use Note to this instruction states that it "is a proper instruction to be given in every case." The instruction was given in this case. Defendant claims that the trial court's announcement that the death penalty was not involved was improper because it was contrary to U.J.I.Crim. 50.06. Defendant also claims an inconsistency between the announcement and U.J.I.Crim. 50.06.

We agree with defendant to this extent; the announcement concerning no death penalty and the giving of U.J.I.Crim. 50.06 were inconsistent. Inasmuch as the jury was not to fix the penalty in this case, compare U.J.I.Crim. 39.10 to 39.24, N.M.S.A.1978 (Cum.Supp.1980) and *State v. Sanchez*, 58 N.M. 77, 265 P.2d 684 (1954), the trial court's announcement was erroneous, being contrary to the approved instruction.

■ We recognize that noncompliance with U.J.I.Crim. is reversible error if there is the slightest evidence of prejudice. *State v. Sanders*, 93 N.M. 450, 601 P.2d 83 (Ct. App.1979); compare *Poore v. State*, 94 N.M. 172, 608 P.2d 148 (1980).

■ Defendant asserts he was "arguably prejudiced" by the trial court's announcement "because such remarks permitted the jury to infer that a conviction in this case would be less serious in that it would not subject appellant to the death penalty." We disagree.

In *Bumper v. State of North Carolina*, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968), a jury, improperly qualified to impose a death penalty, returned a verdict of life imprisonment. The improper qualification of the jury in connection with the death penalty did not show either that the jury was necessarily biased or necessarily prosecution prone; the claim that defendant had been denied trial by an impartial jury was, in the absence of evidence, held to be insubstantial.

The jury did not react to the death penalty remark by convicting of "any" offense less serious than an offense for which the penalty was death. The jury did not return a verdict of first degree murder; defendant was convicted of second degree murder. Under the instruction, see U.J.I.Crim. 2.40, the jury was not to consider second degree murder unless and until the jury disagreed as to guilt of first degree murder. The jury followed this instruction. See *State v. King*, 90 N.M. 377, 563 P.2d 1170 (Ct.App. 1977). In this circumstance, defendant's claim, as the claim in *Bumper*, supra, has no factual basis. Compare *State v. Armstrong*, 61 N.M. 258, 298 P.2d 941 (1956).

There being nothing showing the slightest prejudice to defendant by the trial court's announcement, defendant's contention is without merit.

*Sufficiency of the Evidence*

■ Contrary to defendant's contention, there was sufficient evidence for the jury to convict defendant either as a principal or as an accessory.

There was evidence that defendant, the victim, and Rudy Cardenas first partied at a park, then went to the house of Jerry Ortiz where the party continued. There were several fights at Ortiz's house; one of the fights involved Cardenas, defendant and the victim. During this fight, defendant had a steak knife. The victim was told to leave, and did so. Cardenas and defendant followed the victim down the stairs.

The victim was stabbed to death with a knife. The victim's body was found lying in the median of a street. Given a tip to look for Ortiz and "Rudy", officers went to a residence and found defendant lying on a bed. When getting out of the bed, defendant stepped on a knife and shuffled around with his foot as if he was trying to conceal the knife. Defendant attempted to escape. The knife was a steak knife. The knife had blood on it; human blood, Type B. The victim's blood was Type B. Ortiz's residence was checked for blood; the blood found there was Type A, not Type B. Defendant's own statements place him at the scene of the killing, and defendant admitted leaving the scene with the knife with Type B blood on it.

From the foregoing, the jury could determine that defendant was the killer.

■ Defendant's statements were to the effect that Rudy Cardenas did the killing and that defendant removed the knife from the scene of the crime because of panic. Even if this should be true, defendant was with Cardenas before and after the killing, he participated in Cardenas' fight with the victim and, with Cardenas, followed the victim when the victim was told to leave. Defendant had in his possession a knife with blood of the victim's type, and defendant had the same type of knife prior to the killing. From the evidence, the jury could determine that defendant was an accessory to a killing by Cardenas. U.J.I.Crim. 28.39.

The evidence for conviction was substantial and sufficient for a rational juror to find the essential elements of the crime beyond a reasonable doubt. *State v. Carter,* 93 N.M. 500, 601 P.2d 733 (Ct.App.1979).

*Trial Court's Nondisclosure of Information Obtained at an In Camera Hearing*

■ We have previously pointed out that a tip directed officers to the residence where defendant was located. The police report listed the informer as unknown. Testimony at trial developed that the identity of the informer was known to the officer who was testifying, however, the officer preferred not to disclose the informer's name.

Defendant asked that the informer's name be disclosed. The trial court proceeded under Evidence Rule 510(c)(2). It first reviewed an affidavit from the informer, then took testimony from the informer. The trial court ruled that the informer's identity would not be disclosed. Defendant claims this ruling was an abuse of discretion.

We have reviewed the affidavit and a transcription of the informer's testimony. The contents of these documents show nothing that would be relevant or helpful to the defense of the accused, and nothing necessary to a fair determination of guilt or innocence. The trial court did not abuse its discretion in refusing to require that the informer's identity be disclosed. *State v. Robinson,* 89 N.M. 199, 549 P.2d 277 (1976).

■ Although the informer's identity is not to be disclosed, the matter does not end at that point in this case. The affidavit and the transcription of testimony were sealed and submitted, sealed, to this Court in accordance with Evidence Rule 510(c)(2). Counsel, not knowing the contents of the sealed documents, could not raise the issue which we now discuss.

The informer's testimony revealed to the trial court that the informer's information was hearsay, and that the hearsay information came from a person who was a possible eyewitness. The trial court did not disclose the name of the possible eyewitness; the question is what the trial court should do in this situation.

Although this situation is not covered by a precise rule, the combination of Evidence Rule 510 and Rules of Crim.Proc. 27 and 30 provides the answer.

58

The possible eyewitness, who supplied information to the informer, is also an informer; the policy involved in Evidence Rule 510, *State v. Robinson*, supra, applies in determining whether the identity of this possible eyewitness should be disclosed.

Rule of Crim.Proc. 27 provides for disclosure to the defendant, and disclosures provided for by that rule should be made because the purpose of discovery is to ascertain the truth. *State v. Manus*, 93 N.M. 95, 597 P.2d 280 (1979). Under R.Crim. Proc. 27(a)(6), the State is required to disclose material evidence favorable to the defendant.

Rule of Crim.Proc. 30 places a continuing duty of disclosure on the parties.

When the trial court, rather than the parties, obtains information which raises the question of whether the information should be disclosed, the disclosure requirements should also apply to the trial court's information.

We hold that the trial court should conduct an *in camera* hearing and determine whether the possible eyewitness would "be able to give testimony that is relevant and helpful to the defense of an accused, or is necessary to a fair determination of" defendant's guilt or innocence. Evidence Rule 510(c)(2). The trial court should also determine whether disclosure would subject the possible eyewitness to a substantial risk under R.Crim.Proc. 27(e)(2) which outweighs any usefulness of the disclosure to defense counsel. These two rulings are subject to review for abuse of discretion. *State v. Robinson*, supra.

We affirm the judgment and sentence on the issues raised. However, we remand the matter to the trial court for a hearing and rulings as discussed in this opinion. Those rulings are subject to further appeal.

IT IS SO ORDERED.

HERNANDEZ, C. J., and WALTERS, J., concur.