672 P.2d 660

.Perry JACKSON, Petitioner,

v.

STATE of New Mexico, Respondent.

No. 14779.

Supreme Court of New Mexico.

Nov. 30, 1983.

Janet E. Clow, Chief Public Defender, J. Thomas Sullivan, Appellate Defender, Santa Fe, for petitioner.

Paul Bardacke, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

SOSA, Senior Justice.

Defendant, Perry Jackson, was convicted of second degree murder for the death of Johnny Wayne Hawkins. The Court of Appeals, 99 N.M. 478, 660 P.2d 120, affirmed the defendant's conviction. We granted certiorari and now reverse and remand for a new trial.

The issues before this Court on certiorari are as follows:

1. Whether the Court of Appeals erred in refusing to reverse defendant's convic-

tion as argued on motion for rehearing for the failure of the trial court to properly charge the jury on the elements of second degree murder despite defendant's failure to raise the issue in his initial appeal.

2. Whether the Court of Appeals erred in holding that tender of an incorrect instruction on voluntary manslaughter resulted in a waiver of the defendant's claim of error.

On December 20, 1981, Jackson and Hawkins were both present in a restaurant in Hobbs. They began arguing and Hawkins attempted to leave the restaurant. A fight ensued and Jackson fatally stabbed Hawkins with a knife. Jackson testified that Hawkins had previously shown him a .38 caliber pistol that he owned. Another witness testified that he had seen Hawkins with a gun earlier on that same day. Jackson testified that while he was talking to another person in the restaurant Hawkins had approached them, cursed the defendant, and threatened to "blow me away". He further testified that Hawkins appeared to have been drinking and was "glassy-eyed". Hawkins then gave a friend, Conway Royal, the keys to his car. Jackson believed Royal had gone for a gun. Upon his return to the restaurant, Royal handed the decedent the car keys and something else which Jackson believed to be a gun. Shortly after that, Jackson stabbed the decedent.

Jackson was charged with first degree murder. Defendant's counsel tendered jury instructions on the lesser included offenses of voluntary manslaughter and involuntary manslaughter. The trial court refused the two requested instructions, but did instruct the jury on the lesser included offense of second degree murder.

The instruction given by the court was the version originally adopted in 1975 that has been superseded by NMSA 1978, UJI Crim. 2.10 and UJI Crim. 2.11 (Repl. Pamp.1982). Noncompliance with the uniform jury instructions in criminal cases is reversible error if the failure eliminates an essential element of the crime in the instruction or if the defendant is prejudiced. *State v. Gallegos,* 96 N.M. 54, 627 P.2d 1253 (Ct.App.1981). Further, there may be fundamental error if the instruction given differs materially from the required instruction. *See State v. Doe,* 100 N.M. 481, 672 P.2d 654. When a uniform jury instruction is provided for the elements of a crime, generally that instruction must be used without substantive modification. NMSA 1978, UJI Crim. General Use Note (Repl.Pamp.1982); *see State v. Curlee,* 98 N.M. 576, 651 P.2d 111 (Ct.App.), *cert. denied,* 98 N.M. 590, 651 P.2d 636 (1982). While it is generally true that a defendant who does not object to an incorrect instruction given by the trial court waives his right to object for the first time on appeal, *State v. Noble,* 90 N.M. 360, 563 P.2d 1153 (1977), there are exceptions. It is within the province of this Court, in its discretion to prevent injustice where a fundamental right of the accused has been violated. *State v. Garcia,* 46 N.M. 302, 128 P.2d 459 (1942); *State v. Garcia,* 19 N.M. 414, 143 P. 1012, *reh'g granted,* 19 N.M. 420, 143 P. 1014 (1914).

The responsibility for correct instruction rests upon counsel for both the State and the defendant. Neither the State nor the defendant tendered the correct instructions to the court. The jury instruction on second degree murder used in this case substantively differed from either of the current instructions set forth at UJI Crim. 2.10 and UJI Crim. 2.11. The incorrect instruction in this case rises to fundamental error because it does not contain necessary elements of the crime not covered in other instructions. The defendant's conviction must therefore be reversed. The trial court has a duty to instruct the jury on all questions of law essential for a conviction of the crime with which the defendant is charged. NMSA 1978, Crim.P.R. 41(a) (Repl.Pamp.1980); NMSA 1978, UJI Crim. 1.03 (Repl.Pamp.1982). Similarly, both the defendant and the state have a duty to tender correct instructions to the trial court. Had the trial court considered the correct instruction, it may have felt compelled to give the lesser included instruction on manslaughter. Because the trial court

failed to properly instruct the jury on the issue of second degree murder, defendant's conviction is reversed and the cause remanded for a new trial.

Because our resolution of the first issue is dispositive of this case, we do not reach the question of whether the Court of Appeals erred in holding that tender of an incorrect instruction on voluntary manslaughter resulted in a waiver of the defendant's claim of error. However, we do note that a defendant is entitled to an instruction on voluntary manslaughter as a lesser included offense of first degree murder if there is evidence to support, or tending to support, such an instruction. *Sells v. State,* 98 N.M. 786, 653 P.2d 162 (1982). Evidence of provocation sufficient to reduce a charge of second degree murder to voluntary manslaughter "must be such as would affect the ability to reason and to cause a temporary loss of self control in an ordinary person of average disposition." NMSA 1978, UJI Crim. 2.22 (Repl.Pamp.1982).

Because the trial court failed to instruct the jury properly on the charge of second degree murder, defendant's conviction is hereby reversed and the cause remanded for a new trial.

IT IS SO ORDERED.

PAYNE, C.J., and FEDERICI and RIORDAN, JJ., concur.

STOWERS, J., respectfully dissents.

STOWERS, Justice, dissenting.

I respectfully dissent.

The majority opinion holds that because the trial court failed in its duty to properly instruct the jury on the charge of second degree murder, defendant's conviction should be reversed and the cause remanded for a new trial. However, the sole issue raised on appeal by the defendant was whether the trial court erred in refusing to submit to the jury defendant's requested instruction on the lesser included offense of voluntary manslaughter.

The Court of Appeals affirmed the trial court. In a dissent, one appellate judge

voluntarily or *sua sponte* raised the issue that the trial court had not given the correct instruction on second degree murder, NMSA 1978, UJI Crim. 2.10 (Repl.Pamp. 1982). This issue was not properly before the appellate court because it was not raised initially on appeal. This issue was subsequently raised in the defendant's motion for rehearing. The Court of Appeals denied defendant's motion.

The majority opinion takes this one step further and finds a failure on the part of the trial court to instruct the jury on second degree murder pursuant to either NMSA 1978, UJI Crim. 2.10 or UJI Crim. 2.11 (Repl.Pamp.1982). The function of the appellate court is not to retry the case but to consider those matters properly before it. A motion for rehearing "shall state with particularity *only* the points of law or fact which movant believes the court has overlooked or misapprehended." NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 602 (Repl.Pamp.1983) (emphasis added). New points may not be presented in a petition for rehearing. *State v. Curlee,* 98 N.M. 576, 651 P.2d 111 (Ct.App.); *cert. denied,* 98 N.M. 590, 651 P.2d 636 (1982). This has been the longstanding rule in this jurisdiction. *Id.; State v. Starr,* 24 N.M. 180, 173 P. 674 (1917), *appeal dismissed* 254 U.S. 611, 41 S.Ct. 61, 65 L.Ed. 437 (1920); *State v. Williams,* 22 N.M. 337, 161 P. 334 (1916); *State v. McKnight,* 21 N.M. 14, 153 P. 76 (1915), *appeal dismissed,* 246 U.S. 653, 38 S.Ct. 335, 62 L.Ed. 923 (1918). *See also Weese v. Stoddard,* 63 N.M. 20, 312 P.2d 545 (1956), *reh'g denied* (1957); *In Re White's Estate,* 41 N.M. 631, 73 P.2d 316 (1937); *Ellis v. Citizens' National Bank,* 25 N.M. 319, 183 P. 34 (1918), *reh'g denied* (1919). To hold as the majority does sets a dangerous precedent in terms of appellate review and allows matters not properly preserved on the record to be reviewed by the appellate courts.

In order for a matter to be before this Court for appellate review it must be properly preserved on the record. This requires a proper objection or tendering of a proper instruction. *See State v. Romero,* 87 N.M.

279, 532 P.2d 208 (Ct.App.1975); *State v. Urban,* 86 N.M. 351, 524 P.2d 523 (Ct.App. 1974); *State v. Romero,* 86 N.M. 99, 519 P.2d 1180 (Ct.App.1974).

The trial court has a duty to correctly instruct the jury on the law. However, this is not such an absolute duty that trial counsel can completely abdicate the responsibility and duty to alert the trial court to any mistake found in a proposed jury instruction, and then later complain and receive the benefit of this total abdication of responsibility. This responsibility is set forth in NMSA 1978, Crim.P.Rule 41(d) (Repl. Pamp.1980), which provides in pertinent part:

> [F]or the preservation of error in the charge, objection to any instruction given must be sufficient to alert the mind of the court to the claimed vice therein, or, in case of failure to instruct on any issue, a correct written instruction must be tendered before the jury is instructed. Before the jury is instructed, reasonable opportunity shall be afforded counsel so as to object or tender instructions, on the record and in the presence of the court.

A failure to comply with this rule constitutes a waiver provided there was no prejudice to the defendant. In the present case, trial counsel failed not only to tender correct written jury instructions but also failed to object to the instruction given by the trial court. As such, defendant's objection to jury instructions cannot be raised for the first time on appeal. *See State v. Gunzelman,* 85 N.M. 295, 512 P.2d 55 (1973); *State v. Jones,* 88 N.M. 110, 537 P.2d 1006 (Ct. App.), *cert. denied,* 88 N.M. 318, 540 P.2d 248 (1975); *State v. Herrera,* 82 N.M. 432, 483 P.2d 313 (Ct.App.), *cert. denied,* 404 U.S. 880, 92 S.Ct. 217, 30 L.Ed.2d 161 (1971); *State v. Duran,* 80 N.M. 406, 456 P.2d 880 (Ct.App.1969). Even though this concept has been stated many times, the majority opinion fails to recognize this concept or apply it. The majority opinion only serves to undermine this concept of waiver as it applies to Rule 41(d).

Without attempting to address which was the correct instruction, the majority opinion states that "[t]he jury instruction on second degree murder used in this case substantively differed from either of the current instructions set forth at UJI Crim. 2.10 and UJI Crim. 2.11.". UJI Crim. 2.10 (Repl. Pamp.1982) is to be given only when voluntary and involuntary manslaughter is a lesser included offense. In this case, the trial court refused the tendered jury instructions on the lesser included offenses of voluntary and involuntary manslaughter. Contrary to what was stated in the Court of Appeals dissent and contrary to the position taken by the majority opinion, UJI Crim. 2.10 (Repl.Pamp.1982) would not have been given.

The instruction given, NMSA 1978, UJI Crim. 2.10 (Orig.Pamp.) (emphasis added), required the State to prove that "[t]he defendant had an *intent* to kill or do great bodily harm," while the current instruction which would have been given, NMSA 1978, UJI Crim. 2.11 (Repl.Pamp.1982) (emphasis added) requires that "[t]he defendant *knew* that his acts created a strong probability of death or great bodily harm." The majority opinion fails to consider whether the instruction given at trial adequately apprised the jury of the law which they were to consider in reaching a verdict. Although it was not the current instruction, the unobjected to instruction given was a proper instruction prior to the change and placed a heavier burden of proof on the State because it was based on a stricter standard. Therefore, no fundamental rights of the accused were violated.

Noncompliance with the uniform jury instructions in a criminal case is reversible error if the slightest evidence of prejudice to the defendant appears. *State v. Gallegos,* 96 N.M. 54, 627 P.2d 1253 (Ct.App. 1981). However, in the present case, there was no prejudice to the defendant because the jury instruction given without objection required a stricter burden of proof. The crucial question is, did the defendant receive a fair trial. In this case, he did.

The majority opinion only serves to elevate form over substance and is therefore improper.

For the foregoing reasons, I would affirm the defendant's conviction.