This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                            **NO. A-1-CA-37116**

**UBALDO RODRIGUEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}      Defendant Ubaldo Rodriguez has appealed from multiple convictions for trafficking, as well as possession of a firearm by a felon. We issued a notice of

proposed summary disposition in which we proposed to uphold the convictions. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded by the assertions of error.  We therefore affirm.

{2}	The relevant background information was previously set forth.  We will avoid undue reiteration here, and focus instead on the content of the memorandum in opposition.

{3}	Defendant continues to challenge the sufficiency of the evidence, specifically arguing that his own testimony should be said to have established objective entrapment as a matter of law. [MIO 5] This would have required Defendant to conclusively demonstrate that police conduct exceeded the standards of proper investigation. *See State v. Mendoza*, 2016-NMCA-002, ¶ 14, 363 P.3d 1231 ("Objective entrapment may be held to exist as a matter of law when the district court determines that "as a matter of law the police conduct exceeded the standards of proper investigation." (alterations, internal quotation marks, and citation omitted). In this case, the undisputed facts merely established that police used a confidential informant to facilitate one purchase by an undercover agent, who subsequently made two more purchases from Defendant.  This does not constitute objective entrapment. *See State v. Vallejos*, 1997-NMSC-040, ¶ 22, 123 N.M. 739, 945 P.2d 957 (observing that objective entrapment is "reserved for only the most egregious circumstances," and

is not indicated simply because the police participate "in a crime they are investigating" or use "deception to gain the confidence of suspects" (internal quotation marks and citation omitted)). We therefore remain unpersuaded that Defendant was entitled to dismissal of the charges as a matter of law.

{4}     Defendant's argument appears to be largely premised upon the theory that he was the victim of a circular transaction. [MIO 1, 5] However, as we previously observed, Defendant's testimony was effectively controverted by the undercover officer's conflicting account of the transactions, the circumstances of which did not suggest circularity. [CN 2-3] Accordingly, neither the district court nor the jury were required to accept Defendant's version of the incidents. *See State v. Shirley*, 2007-NMCA-137, ¶¶ 27-29, 142 N.M. 765, 170 P.3d 1003 (observing that while circular transactions amount to entrapment, a defendant's testimony to this effect need not be believed). We therefore reject Defendant's first assertion of error.

{5}     Defendant also continues to argue that the jury instructions were flawed. [MIO 5-8] However, we remain of the opinion that the district court properly utilized the applicable UJIs. *See State v. Ortega*, 2014-NMSC-017, ¶ 32, 327 P.3d 1076 ("Uniform jury instructions are presumed to be correct."); *Jackson v. State*, 1983-NMSC-098, ¶ 5, 100 N.M. 487, 672 P.2d 660 ("When a uniform jury instruction is

provided for the elements of a crime, generally that instruction must be used without substantive modification.").

{6}      Defendant contends that the uniform instructions should have been modified, to incorporate the absence of entrapment in the elements instructions. [MIO 6-8] However, the entrapment defense does not effectively alter the elements or create an issue as to the lawfulness of Defendant's actions; it merely raised the question whether Defendant's unlawful actions should be excused. *See State v. Percival*, 2017-NMCA-042, ¶¶ 11, 17, 394 P.3d 979 (discussing the distinction between defenses that effectively negate essential elements, and defenses that effectively excuse intentional criminal conduct because of the surrounding circumstances; and indicating that this distinction similarly explains why unlawfulness is not a necessary element in relation to the latter class of defenses).  As a result, we remain unpersuaded that modification of the essential elements instruction was required.

{7}      We are similarly unpersuaded that our Supreme Court's subsequent modification of the use notes associated with the defense of duress requires a different result, [MIO 5-6] particularly in light of its failure to similarly modify the use notes associated with entrapment. Had our Supreme Court intended such an alteration with respect to the uniform jury instructions on entrapment, we assume it would have explicitly done so. Of course, if we are mistaken in this, our Supreme Court is in the

4

best position to take corrective action. *See State v. Wison*, 1994-NMSC-009, ¶ 4, 116 N.M. 793, 867 P.2d 1175 (indicating that although this Court "is *not* precluded from considering error in jury instructions" in some cases, our Supreme Court is vested with the ultimate authority to "amend, modify, or abolish uniform jury instructions").

{8} Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{9} **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**


**WE CONCUR:**


_____
**EMIL J. KIEHNE, Judge**


_____
**DANIEL J. GALLEGOS, Judge**