This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-36765**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**LORETTA BOWKER,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**T. Glenn Ellington, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}**    Defendant Loretta Bowker appeals her conviction for aggravated battery with a deadly weapon, in violation of NMSA 1978, § 30-3-5(C) (1969), for hitting Johsie Rosales (Victim), a Trader Joe's employee, with her automobile twice in a Trader Joe's parking lot. Defendant argues on appeal that the district court: (1) inadequately instructed the jury as to the elements of aggravated battery; and (2) erred in not re-questioning the jurors regarding their outside knowledge of the case immediately following an eight-day delay between jury selection and trial proceedings. We affirm.

**BACKGROUND**

**{2}** Given that the parties are familiar with the facts and details of this case, and that we affirm for substantially the same reasons as those relied on by the district court, we only briefly set forth pertinent facts and applicable law in this memorandum opinion. *See* Rule 12-405(B) NMRA (providing that appellate courts may dispose of a case by non-precedential order, decision, or memorandum opinion under certain circumstances); *State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361 ("[M]emorandum opinions are not meant to be cited as controlling authority because such opinions are written solely for the benefit of the parties" and "[s]ince the parties know the detail of the case, such an opinion does not describe at length the context of the issue decided[.]").

**{3}** As stated, Defendant was convicted of aggravated battery with a deadly weapon for hitting Victim twice with her automobile in the store's parking lot after Defendant refused to produce a receipt for her bag of groceries.

**{4}** The two issues raised by Defendant on appeal are whether the district court erred by (1) failing to submit Defendant's proposed amended version of UJI 14-322 NMRA, the jury instruction stating the elements of an aggravated battery conviction, to the jury; and (2) refusing to ask the jurors immediately before trial if they had been exposed to a five-month-old news article regarding the circumstances of the case contrary to the district court's instructions to avoid discovering information about the case during the week-long recess. Regarding the challenged jury instruction after the close of evidence at trial, Defendant requested her amendment to UJI 14-322, adding the following italicized language:

> [D]efendant touched or applied force to [Victim] by striking him with a car. [D]efendant used a car. A car is a deadly weapon only if you find that a car, when used as a weapon, could cause death or great bodily harm, *and that* [D]*efendant did use the car in a manner capable of causing death or great bodily harm in this case*[.]

The State objected to the amendment based upon its addition of an "actual use" element to the aggravated battery charge. The district court denied Defendant's request, and the jury instruction was given to the jury without the language requested by Defendant.

**DISCUSSION**

**Standard of Review – Jury Instruction**

**{5}** As Defendant preserved the jury instruction issue, we review the jury instructions for reversible error. *See State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134. Under this standard, "we seek to determine whether a reasonable juror would

have been confused or misdirected by the jury instruction." *Id.* (internal quotation marks and citation omitted).

## The Trial Court Properly Gave The Uniform Jury Instruction Without Modification

**{6}** The district court did not commit reversible error by denying Defendant's requested modification to UJI 14-322. "Uniform jury instructions are presumed to be correct." *State v. Ortega*, 2014-NMSC-017, ¶ 32, 327 P.3d 1076. "When a uniform jury instruction is provided for the elements of a crime, generally that instruction must be used without substantive modification." *Jackson v. State*, 1983-NMSC-098, ¶ 5, 100 N.M. 487, 672 P.2d 660. "[A]n elements instruction may only be altered when the alteration is adequately supported by binding precedent or the unique circumstances of a particular case, and where the alteration is necessary in order to accurately convey the law to the jury." UJI Crim. General Use Note NMRA. Here, the district court gave the unaltered jury instruction, and thus it is presumed to be correct. Applying this presumption, we ask whether a reasonable juror would have been confused or misdirected because the instructions, "through omission or misstatement, fail to provide the juror with an accurate rendition of the relevant law." *State v. Samora*, 2016-NMSC-031, ¶ 27, 387 P.3d 230 (internal quotation marks and citation omitted). Defendant offers nothing to support such a conclusion.

**{7}** First, there is no applicable precedent raised by Defendant that supports modification of the jury instruction. We are not convinced by Defendant's use of *State v. Traeger*, 2001-NMSC-022, 130 N.M. 618, 29 P.3d 518, for the proposition that "[t]he jury instruction given . . . was deficient in only requiring the jury find that the car has the potential to be a deadly weapon and in not requiring [it] to find if [Defendant's] manner of use of the automobile rendered it [a] deadly weapon in this case." The court in *Traeger* found the instruction given to be excessively complicated because it combined two separate elements—that the defendant hit victim with a baseball bat *and* that the baseball bat was an object that when used as a weapon, could cause death or serious injury—into an awkwardly phrased single element. *See id.* ¶¶ 7, 22. Here, the jury instruction separates the elements—by asking the jury to determine whether (1) Defendant touched or applied force to Victim by striking him with the car, (2) Defendant used a car, and (3) that a car is a deadly weapon that could cause death or great bodily harm. Therefore, the complication in *Traeger* does not exist here. Furthermore, the court in *Traeger* identified that the modified UJI (used in this case but not used in the district court proceedings in *Traeger*) resolved the issue it confronted therein. *See id.* ¶ 24.

**{8}** Second, Defendant fails to establish that the instruction given misstates the law, in order to persuade us that unique circumstances exist in this case to warrant the proposed amendment to UJI 14-322, or to offer a basis upon which juror confusion may have arisen based upon the instruction given. *See Samora*, 2016-NMSC-031, ¶ 27. We conclude, therefore, that the district court did not commit reversible error by denying Defendant's request that his amended jury instruction be provided to the jury.

**Standard of Review – Voire Dire**

**{9}** This Court applies "an abuse of discretion standard of review to the district court's determination of how voir dire should be conducted[.]" *State v. Johnson*, 2010-NMSC-016, ¶ 34, 148 N.M. 50, 229 P.3d 523 (internal quotation marks and citation omitted).

**The Trial Court Did Not Abuse Its Discretion by Refusing to Question Jurors Twice About Media Exposure**

**{10}** A trial court is "given broad discretion in overseeing the voir dire process." *State v. Martinez*, 2002-NMCA-036, ¶ 31, 131 N.M. 746, 42 P.3d 851. "If the questions allowed are sufficient to probe juror bias on a specific issue, the court's refusal to allow additional fact-specific questions does not amount to an abuse of discretion." *State v. Sosa*, 1997-NMSC-032, ¶ 14, 123 N.M. 564, 943 P.2d 1017. Importantly, "[w]e presume that the jurors followed the instructions given by the court." *Kilgore v. Fuji Heavy Indus. Ltd.*, 2009-NMCA-078, ¶ 26,146 N.M. 698, 213 P.3d 1127, including that they will not "discuss [the] case or the evidence with anyone," and that they will "keep an open mind and not decide any part of the case until the entire case has been completed and submitted." *State v. Case*, 1984-NMSC-012, ¶ 23, 100 N.M. 714, 676 P.2d 241 (internal quotation marks and citation omitted). Mere exposure to publicity alone does not establish prejudice nor a presumption of prejudice related to venire members. *State v. McGuire*, 1990-NMSC-067, ¶ 22, 110 N.M. 304, 795 P.2d 996.

**{11}** Here, even given the delay between jury selection and trial proceedings, the district court did not abuse its discretion by refusing to again ask the jurors, this time immediately before trial, whether they had read a five-month-old news story about the case when the court already instructed the jury to avoid learning outside information about the case before trial and previously inquired during voir dire whether the jurors had any prior knowledge of the case, which the jurors denied. It is presumed that the jurors followed the initial instruction of the district court, *see State v. Gonzales*, 1992-NMSC-003, ¶ 35, *113 N.M. 221, 824 P.2d 1023* ("The jury is presumed to follow the [district] court's instructions."), *overruled on other grounds by State v.* Montoya, 2013-NMSC-002, ¶ 2, 306 P.3d 426, especially considering Defendant failed to produce any evidence to show that either the jurors had been exposed to any media publicity on the case or that the jurors were tainted by any such information.

**CONCLUSION**

**{12}** Based upon the reasoning set forth above, we affirm.

**{13}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARAY A. IVES, Judge**